UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS C. INFANTE-BARAJAS,<br><br>              Petitioner,<br><br>     v.<br><br>UNKNOWN,<br><br>              Respondent. | 1:13-cv-01323 GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO MAIL PETITIONER A BLANK HABEAS FORM<br><br>[THIRTY DAY DEADLINE] |

On August 21, 2013, Petitioner, a federal prisoner proceeding pro se, filed the instant petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus,

---

[1] Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, the Court may apply any or all of these rules to habeas corpus petitions other than those filed pursuant to § 2254.

1

either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

I.  Failure to State a Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Further, Petitioner must state his claim with sufficient specificity.  See Hendricks v. Vasquez, 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979).  Rule 2(c) of the Rules Governing Section 2254 Cases states:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is incomplete.  It does not set forth any information including Petitioner's grounds for relief.  It is essentially a blank petition and therefore must be dismissed.  Nevertheless, Petitioner will be granted an opportunity to file an amended petition.

II. Failure to Name a Proper Respondent

For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian.  United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).  A failure to name the proper respondent deprives a habeas court of personal jurisdiction.  Brittingham v. United

States, 982 F.2d 378, 379 (9th Cir. 1992); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).  The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." Brittingham, 982 F.2d at 379 (quoting Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C.Cir.1986)); see also 28 U.S.C. § 2242.  The custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." Brittingham, 982 F.2d at 379 (quoting Guerra v. Meese, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner)). Normally, the custodian of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham, 982 F.2d at 379; see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner fails to name a respondent in this matter. Because Petitioner did not name his immediate custodian as the respondent in this matter, this Court is without personal jurisdiction, and the petition must be dismissed.  However, the Court will give Petitioner the opportunity to cure the defect by amending the petition to name a proper respondent.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

Accordingly, the petition will be dismissed.  Petitioner will be granted the opportunity to file a first amended petition to set forth his claims for relief.  Petitioner is advised that he must reference the instant case number and designate his petition as a "First Amended Petition."  Petitioner is forewarned that failure to comply with this order will result in dismissal of the action.

///
///
///
///
///
///
///

3

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend;

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a first amended petition; and

3) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a § 2241 habeas action.

IT IS SO ORDERED.

Dated:   **November 20, 2013**                            **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE