1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS C. INFANTE-BARAJAS, | Case No.  1:13-cv-01323 GSA HC |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATION |
| UNKNOWN, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 21, 2013, Petitioner filed a petition for writ of habeas corpus.  Following a preliminary review of the petition, on November 20, 2013, the undersigned issued an order dismissing the petition for failure to state a discernable claim and failure to name a proper respondent.  Petitioner was granted thirty (30) days to file an amended petition curing the defects.  Over thirty (30) days have passed, and Petitioner has not complied with the court order.  Notably, on December 3, 2013, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable with a remark that the Petitioner was no longer at the institution.

### DISCUSSION

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

1

sanctions authorized by statute or Rule or within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260 61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423 24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since August 21, 2013.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, there are no less drastic alternatives since Petitioner has failed to keep the Court apprised of his current address; thus, the Court has no way of communicating with Petitioner.

1

**ORDER**

2      Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign

3   a District Judge to the case.

4

**RECOMMENDATION**

5      Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

6   Petitioner's failure to comply with a court order.

7      This Findings and Recommendation is submitted to the assigned District Court Judge,

8   pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

9   Practice for the United States District Court, Eastern District of California.  Within thirty (30)

10   days after service of the Findings and Recommendation, Petitioner may file written objections

11   with the Court.   Such a document should be captioned "Objections to Magistrate Judge's

12   Findings and Recommendation."   The Court will then review the Magistrate Judge's ruling

13   pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within

14   the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

15   F.2d 1153 (9th Cir. 1991).

16

17

18

19   IT IS SO ORDERED.

20      Dated:   __January 6, 2014__                    _____**/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28